| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------ X
ROBERT ANTON WILLIAMS, JR.,

                Plaintiff,

                - against -

DETECTIVE NIURCA QUINONES, Shield
#3310; DETECTIVE HECTOR BRUNO;
DETECTIVE SGT. SMOLARSKY; THE
STATE OF NEW YORK; and
THE CITY OF NEW YORK,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

15 Civ. 5609 (BMC)(LB)

**COGAN,** District Judge.

On September 24, 2015, Robert Anton Williams Jr.,[1] currently incarcerated at the Anna M. Kross Center on Rikers Island, filed this *pro se* civil rights complaint against defendants alleging false arrest. The Court grants plaintiff's request to proceed *in forma pauperis*. The claims against the City of New York and the State of New York are dismissed; the claims against the New York City Police Officers are stayed pending the resolution of plaintiff's criminal proceeding.

## BACKGROUND

Plaintiff alleges that he "was falsely arrested on April 25, 2013 under indictment 03537/2013 for violation of N.Y. Penal Law 120.10 (assault in the first degree) by Detective

---

[1] Plaintiff has filed other actions in this Court. See Williams v. Hynes, No. 15 Civ. 5480 (BMC) (dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b); Williams v. Whitbeck, No. 14 Civ. 6794 (BMC) (granting defendant's motion to dismiss); Williams v. Smith, No. 14 Civ. 5082 (BMC) (pending).

Niurca Quinones shield #3310, Detective Hector Bruno and Sgt. Smolarsky." He seeks damages of $20,000,000. The Court takes judicial notice from public records that plaintiff's prosecution for assault is ongoing and that his next scheduled appearance is December 17, 2015.[1]

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *or any portion of the complaint* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1) (emphasis added). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

---

[1] See https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=appearance&docketNumber=cXtKUwjye8qoUySh VMjFOw==&countyId=Mx3NDQ8QLq7VMaHuMnNJWw==&docketId=Plye5GGTNpFCGHSWhIGqlQ==&doc ketDseq=wJ2/4du1NximNDMJ8ADcTA==&defendantName=Williams,+Robert&court=Kings+Supreme+Court+-+Criminal+Term&courtType=S&recordType=C&recordNum=jv_PLUS_YW5YjAE4sgQ4YDAj/ww==

2

Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

**A.     Eleventh Amendment**

"[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Virginia Office for Prot. & Advocacy v. Stewart, 536 U.S. 247, 131 S.Ct. 1632, 1638 (2011). The Eleventh Amendment bars such a federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). It is well-established that New York has not consented to § 1983 suits in federal court, see Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977), and that § 1983 was not intended to override a state's sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 340-42 (1979). District courts may raise the issue of sovereign immunity "*sua sponte* because it affects . . . subject matter jurisdiction." Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993). Therefore, plaintiff's complaint seeking damages against the State of New York is dismissed pursuant to 28 U.S.C. § 1915A(b); 1915(e)(2)(B).

3

B.  **Municipal Liability**

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right.  Monell v.  Dep't of Social Servs of the City of New York, 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011); Plair v. City of New York, 789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . ..").

Plaintiff brings a Monell claim and seeks to hold the City of New York and the State of New York is responsible for "allowing and supporting these claims." Compl. at 5.  However, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom and that such policy caused him to sustain a constitutional deprivation. Therefore, plaintiff has not made the required showing to confer Monell liability on the City of New York and the complaint is dismissed pursuant to  28 U.S.C. § 1915A(b); 1915(e)(2)(B).

C. **False Arrest**

What remains are plaintiff's claims for false arrest against Detective Niurca Quinones, Detective Hector Bruno and Detective Sergeant Smolarksy. Plaintiff acknowledges that he is presently incarcerated on charges arising out of the same events recited in the complaint. It is thus apparent that the circumstances of his arrest are inexorably intertwined with his ongoing

4

prosecution, and the results of his prosecution may well have a determinative impact on the viability of his claims here. Although, since plaintiff is not seeking to directly impede the criminal proceeding, Younger v. Harris, 401 U.S. 37 (1971), does not permit dismissal, see Giuliani v. Blessing, 654 F.2d 189, 192-94 (2d Cir. 1981), a stay may be appropriate both to avoid interference with the ongoing prosecution and to prevent this Court's potentially unnecessary use of resources. See Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). Accordingly, this case is stayed until the pending criminal charges arising out of the arrest precipitating this case are resolved.

## **CONCLUSION**

For the foregoing reasons, the complaint, filed *in forma pauperis*, is dismissed as to the State of New York and the City of New York pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). No summons shall issue against these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

The complaint is stayed and shall be marked as administratively closed as to Detective Niurca Quinones, Detective Hector Bruno and Sgt. Smolarsky. No summons shall issue at this time. Plaintiff is ORDERED to inform this Court no later than December 31, 2015 of the status of his criminal case and whether it is resolved by dismissal, plea, or trial. Failure to keep the Court apprised of the status of the case will result in a dismissal without prejudice of the complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       October 22, 2015